# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

151028-9

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                       SC: 151028
                                       COA: 311356
                                       Macomb CC: 2011-002189-FC

ALBERT REGINALD ROBINSON,
      Defendant-Appellant.

_____/

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                          SC: 151029
                                       COA: 314604
                                       Macomb CC: 2011-003549-FH

ALBERT REGINALD ROBINSON,
      Defendant-Appellant.

_____/

      By order of January 31, 2017, the application for leave to appeal the December 16, 2014 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017, 500 Mich ___ (2017), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment addressing the Macomb Circuit Court's *sua sponte* order for resentencing, we VACATE the January 22, 2013 order of correction of the judgment of sentence, issued in Macomb Circuit Court No. 2011-002189-FC, and we REMAND this case to the trial court to reinstate the June 27, 2012 judgment of sentence. In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for lifetime electronic monitoring

under MCL 750.520b(2)(d) and MCL 750.520n.  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

        We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2017



Clerk

s0925